UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20020-GRAHAM

**UNITED STATES OF AMERICA**

vs.

**GERMAN NINO,**

        **Defendant.**
_____/

## STIPULATED FACTUAL BASIS

The United States of America and GERMAN NINO (NINO) agree that, had this case proceeded to trial, the United States would have proven the facts described below, among others, beyond a reasonable doubt, and that the described facts are true and correct and meet the elements of the offenses charged in the Information.

### UBS Financial Services, NINO, and the Victims

Beginning in or around 2012, and continuing until on or about July 2020, NINO, a resident of Broward County, was a financial advisor working at a branch office of UBS Financial Services Inc. ("UBS") located in Miami, Florida. UBS is a financial services company providing financial services to customers located in the United States and abroad. As a UBS Financial Advisor, NINO oversaw and managed UBS investment accounts for various customers. Victims J.R. and V.R., both of whom are married to each other, and victim A.R., son of victims J.R. and V.R., were customers of NINO.

From in or around 2012 and continuing through on or around 2017, victim J.R. invested approximately over $11,000,000.00 of his family's money with UBS by placing the money in several, different UBS accounts, including a UBS account named Dolze Corp ("DOLZE") with an account number ending in x1668, a UBS account named Ariely, S.A. ("ARIELY") with an account number ending in x8742, and a UBS account named Excelsior Investments Inc. ("EXCELSIOR") with an account number ending in x6498. NINO was the financial advisor assigned to oversee and manage all the UBS accounts belonging to victims J.R., V.R., and A.R., including the DOLZE UBS account, ARIELY UBS account, and the EXCELSIOR UBS account.

Victims J.R., V.R., and A.R. trusted NINO as their financial advisor and fiduciary. As their financial advisor, NINO owed a fiduciary duty to victims J.R., V.R., and A.R.

At first, victim J.R. would regularly communicate with NINO about the status of the family investments in the various UBS accounts. Beginning at least as early as 2016, victim A.R. assumed a greater role in communicating with NINO about the status of the family investments in the various UBS accounts. Both J.R. and A.R. communicated to NINO that the UBS accounts were opened and maintained for the purpose of investing the family's money. NINO was not authorized to transfer money out of any of the UBS accounts to third parties without the consent of J.R., V.R., or A.R.

## Wire Fraud Scheme

Beginning on or about May 2014 and continuing through on or about December 2016, NINO oversaw and managed the DOLZE UBS account, of which victim J.R. was the legal, equitable and ultimate beneficial owner. During this period, NINO made approximately 19 unauthorized transfers out of the DOLZE UBS account to third parties, who were unknown to victims J.R., V.R., or A.R., totaling approximately $1,812,323.00. At no time during this period, did NINO advise or obtain consent from victims J.R., V.R., and A.R. to make the transfers.

Beginning on or about February 2017 and continuing through on or about March 2018, NINO oversaw and managed the ARIELY UBS account, of which victim V.R. was the legal, equitable and ultimate beneficial owner. During this period, NINO made approximately 19 unauthorized transfers out of the ARIELY UBS account to third parties, who were unknown to victims J.R., V.R., or A.R., totaling approximately $2,116,495.59. At no time during this period, did NINO advise or obtain consent from victims J.R., V.R., and A.R. to make the transfers.

Beginning on or about July 2018 and continuing through on or about February 2020, NINO oversaw and managed the EXCELSIOR UBS account, of which victim A.R. was the legal, equitable and ultimate beneficial owner. During this period, NINO made approximately 24 unauthorized transfers out of the EXCELSIOR UBS account to third parties, who were unknown to victims J.R., V.R., or A.R., totaling approximately $1,904,400.00. At no time during this

period, did NINO advise or obtain consent from victims J.R., V.R., and A.R. to make the transfers.

To accomplish his scheme and artifice, NINO made or caused others to make materially false and fraudulent statements to victims J.R., V.R., and A.R. and concealed and omitted to state, and caused others to conceal and omit to state, material facts to victims J.R., V.R., and A.R., including, among other things, the following:

a. Failing to disclose to J.R., V.R., or A.R. during oral and written communications with J.R., V.R., or A.R. that he was making unauthorized transfers out of the DOLZE, ARIELY, and EXCELSIOR UBS accounts when he discussed these accounts and other matters with J.R., V.R., or A.R.;

b. Misrepresenting the true performance, balance, and rate of return of the DOLZE, ARIELY, and EXCELSIOR UBS accounts to J.R., V.R., or A.R. when discussing the performance of these accounts with J.R., V.R. or A.R.;

c. Preparing fraudulent letters of authorization and forging the signatures of J.R. and V.R. on the fraudulent letters of authorization to purportedly authorize UBS to transfer funds out of the DOLZE and ARIELY UBS accounts to third parties without the consent or knowledge of J.R., V.R., or A.R.;

d. Removing A.R.'s email from A.R.'s UBS email account profile so that A.R. would not receive email notifications from UBS about unauthorized transfers to third parties made from the ARIELY UBS account and the EXCELSIOR UBS account;

e. Preparing a fraudulent "Client Review Statement" and providing it to A.R., which falsely stated an inflated balance and value of the EXCELSIOR UBS account;

f. Preparing a fraudulent land purchase contract and forging V.R.'s signature on the fraudulent land purchase contract to make it appear that V.R. was purchasing land in Colombia by using money from the ARIELY UBS account; and

g. Preparing a false and fraudulent EXCELSIOR UBS account statement and sending it to A.R.

NINO's reason for engaging in the wire fraud scheme against his clients was to unlawfully enrich himself by misappropriating the money in the DOLZE, ARIELY, and the EXCELSIOR UBS accounts for his own personal use and benefit.

For purposes of executing the wire fraud scheme, NINO did knowingly transmit and cause to be transmitted in interstate commerce, certain writings, signs, signals, pictures and sounds by means of wire communication, as more particularly described below:

| APPROXIMATE DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|
| 02/07/2017 | Electronic transmission of routing information caused by the transfer of approximately $85,000 from the ARIELY UBS account with ending account number x8742 to a Bank of America account ending in x6402 |
| 02/21/2017 | Electronic transmission of routing information caused by the transfer of approximately $250,000 from the ARIELY UBS account with ending account number x8742 to a Banque Pictec & Cie SA account ending in x0100 |
| 02/13/2020 | Electronic transmission of routing information caused by the transfer of approximately $85,500 from the EXCELSIOR UBS account with ending account number x6498 to a JP Morgan Chase account ending in x3825 |

[INTENTIONALLY LEFT BLANK]

In all, from as early as in or around May 2014, and continuing through in or around February 2020, NINO did knowingly, and with the intent to defraud, make a total of 62 unauthorized transfers from the victims' accounts totaling $5,833,218.59 (U.S) by means of materially false and fraudulent pretenses, representations, promises, and by concealment of material facts knowing that the pretenses, representations, promises, and concealment of material facts were false and fraudulent when made, and for the purpose of executing the wire fraud scheme by means of interstate and foreign commerce wire communications in violation of Title 18, United States Code, Section 1343.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 4/12/22

By: _____
DERIC ZACCA
ASSISTANT UNITED STATES ATTORNEY

Date: 4/12/22

By: _____
JEFFREY L. COX
ATTORNEY FOR DEFENDANT

Date: 4/12/22

By: _____
JAMES D. SALLAH
ATTORNEY FOR DEFENDANT

Date: 4/12/22

By: _____
GERMAN NINO
DEFENDANT